UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR A. PERALES,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID B. LONG, Warden,<br><br>    Respondent. | NO. CV 14-2959-DDP (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

The objections to Ground One appear to add a new claim that the jury instruction on prior acts permitted the jury to convict Petitioner based on a preponderance of the evidence. (Obj. at 2.) Petitioner does not identify the

specific jury instruction he is challenging. Assuming Petitioner intended to refer to either CALCRIM No. 1191A and/or 1191B, neither instruction was given in Petitioner's trial. The jury was not instructed on preponderance of the evidence in the instructions.

As to Ground Two, which was based on delay in the indictment for Count 13, Petitioner cites *Betterman v. Montana*, 136 S. Ct. 1609 (2016). On federal habeas review, the state court's decision is measured against Supreme Court precedent at the time the state court rendered its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). *Betterman* addressed the issue of whether the speedy trial guarantee applied to the sentencing phase of a criminal prosecution, a question not at issue in Petitioner's case. *Betterman*, 136 S. Ct. at 1612. The Supreme Court merely reiterated the standards of *United States v. Lovasco*, 431 U.S. 783, 789, 795 n.17 (1977), on the issue of delay before indictment. *Betterman*, 136 S. Ct. at 1613; *Shammam v. Paramo*, 664 Fed. Appx. 629, 630 (9th Cir. 2016) (*Lovasco* governs issue of whether pre-indictment delay violates due process). The Report addressed those standards. (Report at 13-15.) The state court correctly observed that the statute of limitations is the primary guarantee against stale criminal charges. (Lodged Document ("LD") 7 at 9); *United States v. Marion*, 404 U.S. 307, 322 (1971).

Contrary to Petitioner's argument, the prosecutor's decision not to charge him based on L.'s accusations alone (Count 13) until there was sufficient corroborating evidence was not improper. *See Lovasco*, 431 U.S. at 795-96 ("[R]ather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. Penalizing prosecutors who defer action for these reasons would subordinate the goal of 'orderly expedition' to that of 'mere speed.'

This the Due Process Clause does not require.") (citation omitted). The state court's balancing of this justification against prejudice was not contrary to, or an unreasonable application of, clearly established federal law and was not an unreasonable determination of the facts. (LD 7 at 10-11); *Lovasco*, 431 U.S. 790 (instructing courts to consider reasons for delay as well as prejudice to accused); *Id.* at 796-97 (declining to decide "in the abstract the circumstances in which preaccusation delay would require dismissing prosecutions" and leaving to lower courts task of applying due process principles to facts of individual case); *Shammam*, 664 Fed. Appx. at 631 (same).

In Ground Three, Petitioner challenged the trial court's admission of five videos and eleven images.[1] The state court found that the evidence was relevant to the charge for possession of child pornography in Count 14 and the defense that Petitioner did not know about the child pornography in his computer. The state court concluded that the strong probative value outweighed the relatively minor additional danger of undue prejudice. (LD 7 at 12-13.) Petitioner's objections raise an unexhausted claim that there was no authentication of the videos and images as coming from his computer. The claim may be denied on the merits because "it is perfectly clear" that the claim is not colorable. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Pursuant to a search warrant, police recovered from Petitioner's room and booked into evidence three laptops, three desktop computers, two iPhones and other electronic devices. (RT 1285-88, 1291-92, 1296, 1502-03.) The detective requested a forensic examination of electronic devices, including a laptop (item no. 4) and a Hewlett Packard desktop computer (item no. 6). (RT 1509-10, 1517, 1524, 1536-37.) Item Nos. 4 and 6

---

[1] The forensic examiner located over 220 images on a laptop and desktop computer, and approximately 25 videos on the laptop. (Reporter's Transcript ("RT") 1544-45, 1575.) According to the prosecutor, the five videos consumed almost three minutes, and the eleven images were placed on four slides. (RT 1581-82.) The videos were generally described to the court. (RT 1583.)

contained images depicting children in various stages of nudity or sexual activity, and Item No. 4 also contained such videos. (RT 1543.) The forensic examiner found indicia of ownership on Item Nos. 4 and 6, such as Petitioner's named account, emails and photographs. (RT 1546-47, 1549-53.) The five videos and eleven images were found in those items. (RT 1554-57, 1592-93, 1594-1600.) Some of the file paths with images were found in the user folder of "Abel." (RT 1558.) The videos were found in a file called PHP from the user Abel, and images also came from the user Abel. (RT 1571, 1574.)

Petitioner's remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: January 14, 2019

DEAN D. PREGERSON
United States District Judge